UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ADA SHABELLY SANTOS SHELTON,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:26-cv-148

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I.**  **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.32.)

In an Order entered on January 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on January 22, 2026 (ECF No. 4), and Petitioner filed her reply on January 27, 2026 (ECF No. 5).

## II.    Relevant Factual Background

Petitioner is a Cuban national and citizen of Spain who was granted lawful permanent resident status on March 31, 2023. (Pet., ECF No. 1, PageID.10; Notice to Appear (NTA), ECF No. 4-1, PageID.138.) On September 19 2025, Petitioner returned to the United States at the "Detroit Metropolitan Wayne County Airport following brief international travel." (Pet., ECF No. 1, PageID.10.) "Petitioner presented a valid passport and lawful permanent resident card at inspection and was referred to secondary inspection." (*Id.*) "Under oath, Petitioner admitted to [engaging in prostitution]." (Resp., ECF No. 4, PageID.117 (citing Form I-213, ECF No. 4-3, PageID.153–155; and Record of Sworn Statement, ECF No. 4-1, PageID.157–165).) At that time, the Department of Homeland Security (DHS) charged Petitioner with inadmissibility pursuant to "Section 212(a)(2)(D)(i) of the Immigration and Nationality Act" as a noncitizen "who is coming to the United States to engage in prostitution or has engaged in prostitution within 10 years of the date of application for a visa, admission, or adjustment of status." (NTA, ECF No. 4-1, PageID.135.) DHS then placed Petitioner in removal proceedings before the Detroit Immigration Court, treating Petitioner as an applicant for admission due to her admission regarding engaging in prostitution. (Pet., ECF No. 1, PageID.11; Resp., ECF No. 4, PageID.117.)

Petitioner filed a motion to suppress in the Immigration Court, seeking to suppress Petitioner's statements. (Resp., ECF No. 4, PageID.117.) The Immigration Court held an evidentiary hearing on December 3, 2025, and the Immigration Court denied the motion to suppress in a written order entered on December 10, 2025. (*Id.* (citing Order Immigration Judge, ECF No. 4-4).) In addition to denying the motion to suppress, in the order, the Immigration Court concluded that "DHS ha[d] established, by clear and convincing evidence, [Petitioner], a Lawful Permanent Resident, is regarded as an applicant for admission to the United States (arriving alien) because DHS has established [Petitioner] has committed offenses identified in . . . INA

§ 212(a)(2)(D)(i)." (Order Immigration Judge, ECF No. 4-4, PageID.168.) The Immigration Court then set Petitioner's individual hearing for January 14, 2026. (*Id.*, PageID.167.)

Thereafter, Petitioner's individual hearing was held, and Petitioner was ordered removed on February 10, 2026. *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "232702762" for the A-Number, select "Spain" for the Nationality, and select Submit) (last visited Feb. 14, 2026). Petitioner has until March 12, 2026, to appeal the order of removal to the Board of Immigration Appeals (BIA). (*See id.*)

### III.   Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.   Discussion

In this case, Petitioner's challenge to her detention is premised on her argument that DHS "improperly classified her as an 'arriving alien'" when she returned to the United States from an international trip because she "does not fall within any of the narrow statutory exceptions in § 1101(a)(13)(C) that would permit DHS to treat a returning [lawful permanent resident] as seeking admission." (Pet., ECF No. 1, PageID.1, 14.) Petitioner further argues that "[a]s Petitioner is a lawful permanent resident, the burden rests squarely with [DHS] . . . to establish by clear and convincing evidence any factual predicate that would justify treating her as an applicant for admission or subjecting her to mandatory detention." (*Id.*, PageID.14.)

On December 10, 2025, following an evidentiary hearing in the Immigration Court at which Petitioner and DHS were permitted to present evidence, the Immigration Court concluded that "DHS ha[d] established, by clear and convincing evidence, [Petitioner], a Lawful Permanent Resident, is regarded as an applicant for admission to the United States (arriving alien) because DHS has established [Petitioner] has committed offenses identified in . . . INA § 212(a)(2)(D)(i)." (Order Immigration Judge, ECF No. 4-4, PageID.168.) Thereafter, Petitioner's individual hearing was held, and Petitioner was ordered removed on February 10, 2026. *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "232702762" for the A-Number, select "Spain" for the Nationality, and select Submit) (last visited Feb. 14, 2026).

In Petitioner's reply, she argues that "Respondents have not established by clear and convincing evidence that Petitioner is an applicant for admission," and Petitioner argues that "[t]he question presented here is narrow[]: whether Respondents have met their burden to invoke the exceptional statutory consequences of § 1101(a)(13)(C)(v), including mandatory detention, based on the evidentiary record they have chosen to present." (Reply, ECF No. 5, PageID.174 (capitalization and emphasis changed).) Although Petitioner seeks to categorize her claims as "not ask[ing] the Court to . . . make any ultimate determination regarding the alleged conduct," Petitioner's own "question presented" shows that Petitioner is asking the Court to make this determination because she asks this Court to determine "whether Respondents have met their burden . . . based on the evidentiary record they have chosen to present." (*Id.*)

Ordinarily, challenges to factual determinations made by the Immigration Court must be first challenged in an appeal to the BIA; however, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional

4

challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)

Although Petitioner argues that her detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the Immigration Judge's factual determinations. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA.[1] Therefore, Petitioner has not exhausted her administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## V.    Conclusion

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    February 17, 2026        /s/ Jane M. Beckering
                                    Jane M. Beckering
                                    United States District Judge

---

[1] Petitioner has until March 12, 2026, to appeal the order of removal to the BIA.